IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Jerome Steven Gordon,<br>　　　Petitioner, | )<br>)<br>) |
| v. | )　　1:19cv1630 (LO/MSN) |
| | ) |
| James Beale, Warden,<br>　　　Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION

Jerome Steven Gordon ("Gordon" or "petitioner"), a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his July 23, 2009 convictions in the Chesterfield County Circuit Court for child pornography and carnal knowledge. Respondent has filed a Motion to Dismiss, with a supporting brief, and Gordon has been notified of the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and responded. [Dkt. Nos. 12 and 13]. Accordingly, this matter is now ripe for disposition. A review of the record in this matter establishes that the respondent's Motion to Dismiss must be granted, and the petition will be dismissed with prejudice.

### I. Procedural History

Gordon is currently confined pursuant to a final order of the Chesterfield County Circuit Court dated November 2, 2009, convicting him of one count each of solicitation of child pornography and carnal knowledge. Gordon was sentenced to serve thirty years in prison, with eight years suspended, on the solicitation charge, and five years in prison on the carnal knowledge charge for a total active sentence of 27 years in prison. (Commonwealth v. Gordon, Case Nos. CR09F00152-01 and CR09F00165-02) ("R. at ___"). Gordon did not appeal.

Gordon filed a petition for writ of habeas corpus in the Chesterfield County Circuit Court

on November 5, 2010, which that court dismissed on January 26, 2012. Gordon v. Braxton, Case No. CL10HC-3053. The Supreme Court of Virginia refused the petition for appeal on June 28, 2012. Gordon v. Braxton, Record No. 120521.

On July 19, 2012, Gordon filed a § 2254 habeas petition in this Court raising claims of ineffective assistance of trial counsel and that he was denied his right to appeal. Gordon v. Braxton, Civil Action No. 1:12cv834. Gordon's petition was dismissed on May 14, 2013, and he appealed that dismissal to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit granted a certificate of appealability and on March 3, 2015 remanded the matter for an evidentiary hearing to determine if Gordon had been denied his right to appeal. Gordon v. Braxton, 780 F.3d 196 (4th Cir. 2015). Subsequently, this Court, by agreement of counsel, directed respondent to seek a delayed appeal on behalf of Gordon. The Court of Appeals of Virginia granted Gordon a belated appeal on September 16, 2016 and the § 2254 petition was dismissed on November 14, 2016.

Gordon's counsel filed a petition for appeal to the Court of Appeals of Virginia, and Gordon filed a pro se supplemental petition for appeal. On July 21, 2017, the court denied the petition, denied Gordon's pro se supplemental petition, and granted Gordon's counsel's motion to withdraw. Gordon v. Commonwealth, Record No. 1605-16-2, at 4 (Va. Ct. App. July 21, 2017) (citing Anders v. California, 386 U.S. 738 (1967)). The court denied Gordon's petition for rehearing on December 1, 2017. The Supreme Court of Virginia dismissed Gordon's petition for appeal in part and refused it in part on July 9, 2018. Gordon v. Commonwealth, Record No. 180065.

Gordon filed a second state habeas petition in the Supreme Court of Virginia on or about January 10, 2019. The Supreme Court of Virginia dismissed that habeas petition on October 29, 2019. Gordon v. Beale, Record No. 190053.

2

Gordon filed the instant § 2254 habeas petition on or about December 16, 2019, and raises the following grounds:

(1) Gordon's appellate counsel was ineffective because she failed to argue that his trial counsel was ineffective and failed to challenge the sufficiency of the evidence to prove that he solicited child pornography. [Dkt. No. 1 at 16].

(2) Gordon's appellate counsel was ineffective for raising "a weak claim" when there was at least one "strong claim." [Id.].

(3) Gordon's appellate counsel was ineffective when she failed to argue that there was a conflict of interest between Gordon and his trial counsel. [Id. at 18].

## II. Exhaustion

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). To satisfy the exhaustion requirement, a petitioner "must have presented to the state court 'both the operative facts and the controlling legal principles.'" Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002) (citation omitted). Respondent admits claims 1, 2 and 3 are exhausted. [Dkt. No. 8 at 2].

## III. AEDPA Standard

The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) abolishes *de novo* review in federal habeas cases and requires deference to a state court's decision on the merits unless that decision was (1) contrary to, or an unreasonable application of a clearly established Supreme Court decision, or (2) based on an unreasonable determination of facts. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 403-13 (2000). Under 28 U.S.C. § 2254(e)(1), a federal court must presume a state court's determination of facts is correct unless rebutted by clear and convincing evidence. Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) (factual issue

determined by state court "shall be presumed to be correct"); see also Sumner v. Mata, 455 U.S. 591, 591-93 (1983) (per curiam) (statutory presumption of correctness applies to state appellate court's rendition of historical facts).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The standard of reasonableness is an objective one. Id. at 410. The focus of a federal court under this standard "is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997). The Fourth Circuit recently stated that the

> deference under § 2254 ensures "state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Harrington v. Richter, 562 U.S. 86, 103, (2011). Accordingly, we may grant habeas relief on claims adjudicated on their merits in state court only if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also Cummings v. Polk, 475 F.3d 230, 237 (4th Cir. 2007).

Sigmon v. Stirling, 956 F.3d 183, 191 (4th Cir. 2020).

### IV. Ineffective Assistance of Counsel Claims

The United States Supreme Court established a two-prong test a petitioner must meet to state a claim of in effective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984), and Strickland requires a petitioner to show deficient performance and prejudice. To establish deficient performance, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel

4

were, in light of all the circumstances, "outside the range of professionally competent assistance," id. at 690. In making such a determination, a federal habeas court "must be highly deferential" and presume "that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "If counsel's performance is found to have been deficient under the first part of the Strickland standard, to obtain relief the petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Richardson v. Branker, 668 F.3d 128, 139 (4th Cir. 2012) (quoting Strickland, 466 U.S. at 694).

To establish Strickland's performance prong, as applied to appellate counsel's ineffectiveness, a movant must first show that his "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Counsel is "not obligated to assert all nonfrivolous issues on appeal," Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000), and courts presume that the appellate counsel "decided which issues were most likely to afford relief on appeal," Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993).

In the context of a claim of ineffective assistance of appellate counsel, the "proceeding" aspect of the prejudice prong "is the forum in which the petitioner's appeal was heard." Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (holding, in context of an ineffective assistance of appellate counsel claim, that the "prejudice" element of the Strickland standard is satisfied by a showing of a reasonable probability defendant would have prevailed on appeal but for appellate counsel's deficient performance). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Smith, 528 U.S. at 288 (internal quotation marks and citation omitted).

The Supreme Court explained the impact of the deferential scope of federal habeas

5

review with respect to claims of ineffective assistance of counsel decided by state courts applying Strickland in Harrington, 562 U.S. at 101-02. Harrington explained that establishing an error by the state court is insufficient under § 2254, because "[f]or purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. at 101 (citation omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102. As the Court succinctly stated, "[i]f this standard is difficult to meet, that is because it was meant to be." Id.

In applying Strickland, Harrington stated that a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fair minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." 562 U.S. at 102. Habeas relief is appropriate only if "there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Id. The Court noted that, even without § 2254's deference, the Strickland standard "is a most deferential one." Id. at 105; see Morva v. Zook, 821 F.3d 517, 528 (4th Cir. 2016) (double-deference standard effectively limits federal review "to a determination of 'whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.'") (citations omitted); see also Johnson v. Sec'y, DOC, 643 F.3d 907, 911 (11th Cir. 2011) (given "[d]ouble deference ... it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in" federal habeas).

### V. Analysis

In claim 1, Gordon alleges that his appellate counsel was ineffective because she failed to

argue on appeal that his trial counsel was ineffective and because he had not challenged the sufficiency of the evidence to prove that he had solicited child pornography. His allegations are premised on the fact that no pictures or photographs were recovered or found when the police executed a search warrant at his home. The crimes to which he pleaded guilty, however, did not require proof that photographs were actually taken, but even if such proof were required the proffer established that they had been taken.

To be guilty of criminal solicitation in Virginia, the prosecution needed to establish that Gordon had attempted "to incite another to commit a criminal offense." Branche v. Commonwealth, 489 S.E.2d 692, 697 (Va. Ct. App. 1997). "'It is immaterial whether the solicitation has any effect and whether the crime solicited is in fact committed .... The gist of [the] offense is incitement.'" Id. (quoting Huffman v. Commonwealth, 284 S.E.2d 837, 840 (Va. 1981)). "'The act of solicitation may be completed before any attempt is made to commit the solicited crime.'" Brooker v. Commonwealth, 587 S.E.2d 732, 734 (Va. Ct. App. 2003) (citation omitted). Solicitation of child pornography, therefore, did not require that "pictures" exist. Indeed, the existence of pictures or photographs are neither alleged in the indictment[1] nor included within the pertinent portion of the criminal statute. Accordingly, there was no legal basis to challenge the sufficiency of the evidence regarding solicitation of child pornography.

Gordon argued in his state habeas petition that he had told his trial and appellate attorneys that because no photographs were admitted into evidence and that no pictures existed

---

[1] Gordon was indicted for violating Virginia Code § 18.2-374.1. The indictment stated that Gordon did "unlawfully and feloniously accost, entice or solicit C. G., a minor child more than seven years his junior, with the intent to induce such person to perform in or be the subject of child pornography...." (R. at 1).

that he "had not violated" Virginia Code § 18.2-374.1. Gordon v. Beale, Record No. 190053, Rec. at 84. ("Hab. R. at ___"). Gordon alleged in his state habeas petition that because no pictures were found that there "was no factual basis for" his plea to the "charge of 'solicitation of child pornography.'" (Hab. R. at 84). The Supreme Court of Virginia rejected Gordon's argument that his appellate counsel was deficient and dismissed claim 1 finding that:

> [t]he record, including the transcripts from petitioner's plea and sentencing hearing, demonstrates the factual basis for petitioner's pleas included that a fifteen-year-old boy was playing basketball at a park when petitioner approached him and asked if he could join the game. While they played, petitioner remarked the boy could be a model and told the boy he was a modeling scout. The boy agreed to go with petitioner to a hotel room so petitioner could photograph him. Petitioner had the boy take off his clothes and engage in various sexualized poses while petitioner purported to take pictures. Petitioner then performed oral sex on the boy. Petitioner and the boy left the hotel room, went to a store, purchased more disposable cameras, and returned to the hotel room to take additional photographs. Petitioner then drove the boy to a convenience store and paid him for the photographs. Considering that this uncontested factual proffer supplied an adequate factual basis for petitioner's conviction of possessing child pornography, appellate counsel could have reasonably determined that trying to challenge the validity of petitioner's plea or conviction for the first time on appeal based on the absence of child pornography in petitioner's possession would be futile.... Similarly, because petitioner's sentence was within the statutory limit for his offense, appellate counsel could have reasonably determined she would not prevail by raising an unpreserved challenge to petitioner's sentence based on the lack of child pornography in petitioner's possession.

(Hab. R. at 287) (footnote added).

In Virginia, a defendant's statements and conduct may, in some instances, be sufficient to establish a defendant's possession of an item even though the witness does not see the item and the item is not recovered. See Powell v. Commonwealth, 602 S.E.2d 119, 121 (Va. 2004) (affirming conviction for use of a firearm even though no firearm was seen or recovered); see also Commonwealth v. Moseley, 799 S.E.2d 683, 686 (Va. 2017) ("the combined force of many concurrent and related circumstances ... may lead a reasonable mind irresistibly to a

conclusion.") (citation omitted). The Supreme Court of Virginia could have determined from the proffer that Gordon took photos of the victim in the hotel room, which supports its conclusion that counsel was reasonable in not pursing the matter on appeal.

Regarding the portion of claim 1 that alleges appellate counsel was ineffective because she failed to argue on appeal that trial counsel was ineffective for not raising during the plea and sentencing hearings that no images of child pornography were found in his home, the Supreme Court of Virginia found that Gordon had failed to establish deficient performance or prejudice.

> "Appellate counsel could have reasonably determined claims of ineffective assistance of counsel would not be cognizable on direct appeal. See McGinnis v. Commonwealth, 296 Va. 489, 495 n.1 (2018) ("Since the repeal of [Code § 19.2-317.1] we have consistently held that claims of ineffective assistance of counsel, even if asserted during proceedings in the circuit court, are not reviewable on direct appeal, but must be raised in a petition for a writ of habeas corpus after exhaustion of all appellate remedies).

(Hab. R. at 288).[2] Gordon appears to concede this portion of the Supreme Court of Virginia's ruling was correct. [Dkt. No. 12 at 4].

The Supreme Court of Virginia's dismissal of claim 1 was neither contrary to, nor an unreasonable application of, Supreme Court precedent and was not based on an unreasonable

---

[2] Gordon's assertions that his sentence would not have been as severe if counsel had argued to the trial court that no photographs had been recovered has no merit. The trial judge was aware there were no photographs recovered from trial counsel's proffer at the plea hearing. (Hab. R. at 251). Moreover, the record establishes that the trial judge deviated from the guidelines because Gordon had a "troubling" "pattern of ... behavior over a "twenty-year period" where Gordon had reoffended. The trial judge determined Gordon was a "long term threat" and exceeded the sentencing guidelines because of his record and the circumstances of the offense. (Trial R. at 51). Gordon's reliance on a negligibly relevant fact (no pictures were found), that the trial judge had been advised of, would not have negated the impact of a criminal record that the trial judge characterized as "troubling" and "despicable" (10/20/09 Tr. at 26), and an unfavorable psychosexual evaluation that concluded that Gordon was "a very high risk for future offenses, even with treatment." (Hab. R. at 65).

9

determination of the facts.[3]

In claim 2, Gordon alleges that his appellate counsel was ineffective because she raised a "weak" claim and failed to raise a "strong" claim. The alleged strong claim is that the proffer did not support the plea to the solicitation of child pornography because no images of child pornography were found in his home. As noted in discussing claim 1, petitioner's strong claim had no merit. Accordingly, the Supreme Court of Virginia's dismissal of claim 2 was neither contrary to, nor an unreasonable application of, Supreme Court precedent and was not based on an unreasonable determination of the facts.

In claim 3, Gordon argues that his appellate counsel was ineffective for failing to argue that his trial counsel had a conflict of interest. The Supreme Court of Virginia found that Gordon had failed to satisfy either prong of Strickland holding that "this claim satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Appellate counsel could have reasonably determined claims of ineffective assistance of counsel would not be cognizable on direct appeal. See McGinnis, 296 Va. At 495 n.1." (Hab. R. at 288). The Supreme Court of Virginia's dismissal of claim 3 was neither contrary to, nor an unreasonable application of, Supreme Court precedent and was not based on an unreasonable determination of the facts.[4]

---

[3] The Supreme Court of Virginia held that to the extent Gordon attempted to allege that trial counsel was ineffective for not raising the issue that the evidence was insufficient to support his conviction for solicitation of child pornography at trial and sentencing was "barred by Virginia Code § 8.01-654(B)(2) and Dorsey v. Angelone, 261 Va. 601, 604 (2001)" because the facts upon which it was based were known to petitioner before he filed his "first petition for a writ of habeas corpus [and] were not previously raised." (Hab. R. at 286). The claim set forth in the § 2254 habeas petition is limited to allegations of ineffective assistance of appellate counsel.

[4] The Supreme Court of Virginia held that, to the extent Gordon attempted to allege that his and trial counsel had an "irreconcilable conflict of interest" because of Gordon's "mistrust [and]

\*\*\*\*

In his response to the Motion to Dismiss, Gordon requested an evidentiary hearing, to establish "that no photographs of any kind" were recovered by the police; "that no images of child pornography were discovered at plea hearing;" and he concludes by stating that he "has establish[ed] ineffective assistance of appellate and trial counsel" based upon "the transcripts, exhibits, briefs and affidavit." [Dkt. No. 11 at 6, 7, 8]. Gordon's response merely seeks to relitigate legal and not factual matters resolved against him in state habeas. See Bennett v. Angelone, 92 F.3d 1336, 1347 (4th Cir. 1996) (denying petitioner's request for an evidentiary hearing because he "add[ed] nothing 'additional'" to the factual mix already before the district court"). As a result, the Court finds that an evidentiary hearing is not required because the facts in the existing record are sufficient to resolve the legal issues raised. See, e.g., Rule 8 of the Rules Governing Section 2254 Cases; Beaver v. Thompson, 93 F.3d 1186, 1190 (4th Cir. 1996).

---

misgivings" after trial counsel had advised him to plead to solicitation of child pornography despite Gordon's "protestations of innocence," that the claim was "barred by Code § 8.01-654(B)(2) and Dorsey, 261 Va. at 604" because the facts upon which it was based were known to petitioner before he filed his "first petition for a writ of habeas corpus [and] were not previously raised." (Hab. R. at 288). The claim set forth in the § 2254 habeas petition is limited to an allegation of ineffective assistance of appellate counsel.

## VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss [Dkt. No. 6] is granted, this petition must be dismissed with prejudice, and the motion for an evidentiary hearing [Dkt. No. 11] is denied. An appropriate Order and judgment shall issue.

Entered this 24th day of August 2020.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge